UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JOSE RAFAEL URENA,

            Plaintiff,

- against -

YAN WOLFSON, M.D., NEW YORK
DOWNTOWN HOSPITAL, and ROBERT
BEAUDOUIN, M.D.,

            Defendants.

----------------------------------------------------------X

**REPORT AND RECOMMENDATION
09 CV 1107 (KAM)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiff moves to amend the complaint in this *pro se* civil rights action. For the reasons set forth below, it is respectfully recommended that plaintiff's motion to amend should be denied.

## BACKGROUND

Plaintiff commenced this action against Dr. Yan Wolfson, Dr. Robert Beaudouin, and New York Downtown Hospital on February 23, 2009 in the United States District Court for the Southern District of New York. (Docket entry 4-3.) The case was transferred to this Court on March 11, 2009. (Docket entry 4-4.) Defendants answered the complaint and the Court set November 23, 2009 as the deadline for the parties to complete all discovery and August 21, 2009 as the deadline for plaintiff to amend his complaint or join additional parties. (Docket entries 10, 23, 25 and 34.) On September 8, 2009, plaintiff filed an "Amendment Pursuant to Federal Rules of Civil Procedure 15(a)," which sought to include evidence in support of his claims. (Docket entry 36.) As plaintiff failed to attach a proposed amended complaint, the Court denied plaintiff's motion to amend without prejudice and extended the deadline for plaintiff to move to

1

amend his complaint until October 16, 2009. (Docket entry 37.) On November 2, 2009, plaintiff filed an amended complaint with the Court. (Docket entry 45.)

Discovery closed on November 23, 2009. (Docket entry 34.) Defendants moved for summary judgment and the motions were granted in part and denied in part on December 6, 2010. (Docket entry 102.) The Court denied defendant Wolfson and defendant New York Downtown Hospital's motions without prejudice as to plaintiff's state law claims of negligence and medical malpractice. (Id.) The Court then stayed the action while *pro bono* counsel was sought to represent plaintiff. (Docket entries 110, 115, and 117.) Despite a diligent effort to secure *pro bono* counsel, no attorney volunteered to take plaintiff's case. The stay was lifted and defendants Wolfson and New York Downtown Hospital sought permission to renew their motions for summary judgment and defendant Beaudouin sought permission to move for reconsideration of the Court's December 6, 2010 Memorandum and Order.[1] (Docket entries 118, 119, and 121.)

Plaintiff filed the instant motion to amend on July 11, 2011. (Docket entry 123, Mot. to Amend Compl.) Plaintiff did not attach a proposed amended complaint to the motion.[2] Plaintiff seeks to "remove New York Downtown Hospital as a defendant in the present Bivens action" so that he can "file a separate civil action against New York Downtown Hospital and Dr. Wolfson for negligence and malpractice." (Id.) Plaintiff also seeks to add four doctors from Metropolitan Detention Center Brooklyn, Dr. Boreky, Dr. Goldstein, Dr. Hamilton, and Dr. Campos, as well as "unknown BOP guards" and an "unknown lieutenant" as defendants to this action. (Id.) Plaintiff states that "these additional federal defendants who were employed at the time and location at MCD [sic] Brooklyn, did conspire together to violate Plaintiff's civil rights." (Id.)

---

[1] These motions will be fully briefed by September 12, 2011.
[2] Although plaintiff did not attach a proposed amended complaint, plaintiff's motion includes sufficient facts regarding the claims and parties he seeks to add for the Court to decide the instant motion.

2

Plaintiff alleges that "the medical staff knowing that Plaintiff had just undergone a serious operation, wilfully [sic] choose [sic] to ignore any follow-up." (Id.) Furthermore, plaintiff alleges that the unidentified defendants at Metropolitan Detention Center Brooklyn "ignore[d] with wilful [sic] indifference to Plaintiff's plain, suffering, obvious physical decline post operative, and his inability to even stand during the 4:00 p.m. count which is mandatory in the Bureau of Prisons." (Id.)

Defendants Beaudouin and New York Downtown Hospital oppose plaintiff's motion to amend. (Docket entry 126, Mem. of Law in Opp. to Pl.'s Mot. to Amend the Compl., ("Beaudouin's Opp."); Docket entry 128, Decl. in Partial Opp. to Pl.'s Mot. to Amend Compl. ("NYDH's Opp.").) Plaintiff has replied to defendant Beaudouin's opposition. (Docket entry 132, Reply Br. in Opp. to Def. Beaudouin's Mem. of Law in Opp. to Pl.'s Mot. to Amend the Compl. ("Pl.'s Reply").)

## DISCUSSION

### I. Legal Standards

#### A. Rule 16(b)(4) Standard for Modification of a Scheduling Order

"Where, as here, a scheduling order governs amendments to the complaint, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" Holmes v. Grubman, 568 F.3d 329, 334-35 (2d Cir. 2009) (citation and internal quotation marks omitted); see Fed. R. Civ. P. 16(b) ("A schedule may be modified only for good cause and with the judge's consent."). "Whether good cause exists turns on the diligence of the moving party." Holmes, 568 F.3d at 335 (citations and internal quotation marks omitted).

3

## B. Rule 15(a) Standard for Leave to Amend

Rule 15(a) of the Federal Rules of Civil Procedure instructs that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a). The Court may deny a motion to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178 (1962)).

"An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 88 (2d Cir. 2002). On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Iqbal, 129 S. Ct. at 1950. The Court must construe a *pro se* plaintiff's complaint liberally and interpret it "to raise the strongest arguments that [it] suggest[s]." Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010) (internal quotation marks omitted). "Amendment would likely be futile if, for example, the claims the plaintiff sought to add would be barred by the applicable statute of limitations." Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000).

"Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." EEOC v. Thomas Dodge Corp., 524 F. Supp. 2d 227, 231 (E.D.N.Y. 2007) (quoting State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)). Accordingly, "[t]he concepts of delay and undue prejudice are interrelated – the longer the period of unexplained delay, the less will be required of the non-moving party in terms of showing prejudice." Davidowitz v. Patridge, No. 08 Civ. 6962 (NRB), 2010 U.S. Dist. LEXIS 42322, at *5 (S.D.N.Y. Apr. 23, 2010) (citing Evans v. Syracuse City Sch. Dist., 704 F.2d 44, 47 (2d Cir. 1983)).[3] To determine what constitutes prejudice, the Court considers whether the amendment would: "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). "Prejudice is generally found where the motion to amend 'comes on the eve of trial after many months or years of pre-trial activity; the amendment would cause undue delay in the final disposition of the case; the amendment brings entirely new and separate claims, adds new parties or at least entails more than an alternate claim or a change in the allegations of a complaint.'" State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs., P.C., 246 F.R.D. 143, 148-49 (E.D.N.Y. 2007) (quoting Care Envtl. Corp. v. M2 Techs. Inc., No. 05 CV 1600 (CPS), 2006 U.S. Dist. LEXIS 55066, at *6 (E.D.N.Y. Aug. 8, 2006)).

---

[3] The Clerk of Court shall mail plaintiff the attached copies of all unreported decisions cited herein.

## II. Application of Rule 16(b) Standard

Pursuant to Rule 16(b)(3)(A) of the Federal Rules of Civil Procedure, the Court set October 16, 2009 as the deadline for plaintiff to move to amend the complaint or join additional parties.[4] Plaintiff moves to amend approximately one year and ten months after the deadline set by the Court. Plaintiff fails to show good cause why the Scheduling Order set by the Court should be modified. Plaintiff states that "because of [his] lack of legal counsel [he] begs the Court's indulgence in this belated Motion to Amend Complaint." (Mot. to Amend Compl., p. 1.) However, plaintiff's *pro se* status, by itself, does not amount to good cause for modifying the Court's Scheduling Order at this late juncture. All of the facts underlying the claims proposed by plaintiff were known to him when he commenced this action in February 2009 and plaintiff learned the identities of the physicians who treated him at Metropolitan Detention Center Brooklyn during discovery. Nevertheless, plaintiff has not taken *any* steps to amend his complaint since November 2, 2009. Accordingly, plaintiff has failed to exercise reasonable diligence and his motion to amend should be denied under Rule 16(b) of the Federal Rules of Civil Procedure.

## III. Application of Rule 15(a) Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides a separate basis to deny plaintiff's motion to amend. Defendant Beaudouin argues that plaintiff's motion to amend should be denied because the claims proposed by plaintiff are barred by the statute of limitations. Plaintiff seeks to add federal civil rights claims against several new individuals from Metropolitan Detention Center Brooklyn regarding their actions following plaintiff's operation in

---

[4] The Court originally set August 21, 2009 as the deadline for plaintiff to move to amend his complaint, but later extended the deadline until October 16, 2009. (Docket entries 34 and 37.)

November 2006. The statute of limitations for a *Bivens* claim[5] is three years in New York. See Owens v. Okure, 488 U.S. 235, 251 (1989); Tapia-Ortiz v. United States, 171 F.3d 150, 151 (2d Cir. 1999). As the statute of limitations has elapsed on the claims plaintiff proposes, the Court looks to whether the proposed amendment relates back to the original complaint under Rule 15(c) of the Federal Rules of Civil Procedure.

Rule 15(c) of the Federal Rules of Civil Procedure provides that an amendment which adds a party relates back to the date of the original complaint when the amendment asserts a claim that arises out of the conduct set out in the original complaint and within 120 days of the date the original complaint was filed, "the party to be brought in by amendment: (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C). When an officer of the United States is added as a defendant by amendment, the notice requirements of Rule 15(c)(1)(C) of the Federal Rules of Civil Procedure are satisfied by timely serving process on the Assistant United States Attorney. Fed. R. Civ. P. 15(c)(2). "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." Krupski v. Costa Crociere, 130 S. Ct. 2485, 2493 (2010) (emphasis in original). Following the Supreme Court's decision in Krupski, the Second Circuit's "holding that a lack of knowledge is not a mistake is still intact." Dominguez v. City of New York, No. 10 Civ. 2620 (BMC), 2010 U.S. Dist. LEXIS 88818, at *6 (E.D.N.Y. Aug. 27, 2010); see Barrow v. Wethersfield Police Dep't, 66 F.3d 466, 470 (2d Cir. 1995).

---

[5] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971),

Defendant Beaudouin contends that plaintiff did not make a mistake within the meaning of Rule 15(c)(1)(C)(ii). The Court agrees. Neither the original complaint filed on February 23, 2009, nor the amended complaint filed on November 2, 2009, makes *any* reference to the individuals that plaintiff now seeks to join as defendants to this action. Moreover, plaintiff does not claim that he made a mistake concerning the identities of these defendants.[6] Plaintiff simply chose to wait until now to add these individuals as defendants to this action. As the statute of limitations has run and the proposed claims against Dr. Boreky, Dr. Goldstein, Dr. Hamilton, Dr. Campos, the unknown guards, and the unknown lieutenant do not relate back to the original complaint, plaintiff's motion to amend the complaint should be denied as futile. See Dominguez, 2010 U.S. Dist. LEXIS 88818, at *7 (finding that proposed amendment to add six new police officers would be futile because plaintiff's "claims against the newly named police officers do not relate back to his original complaint [and] they would not be timely").

Defendant Beaudouin argues that plaintiff's motion to amend also should be denied based on undue delay and prejudice. Indeed, plaintiff's instant motion to amend comes almost two and a half years after the commencement of the action, over a year and a half after the close of discovery, and seven months after the Court decided defendants' motions for summary judgment. This constitutes undue delay. See Simon v. City of New York, No. 09-CV-1302 (ENV)(RER), 2011 U.S. Dist. LEXIS 9515, at *21 (E.D.N.Y. Jan. 3, 2011) (finding undue delay where plaintiff "waited one year after filing her original complaint . . . and only five days before discovery was set to close, to seek leave to amend the complaint a second time"); see also McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 202 (2d Cir. 2007) (no abuse of discretion in denying motion to amend where "discovery had closed, defendants had filed for summary

---

[6] Plaintiff merely states in a general fashion that "[b]ecause plaintiff is pro se . . . [p]laintiff has made various mistakes." (Pl.'s Reply, p. 3.)

8

judgment, and nearly two years had passed since the filing of the original complaint"); Zahra v. Town of Southland, 48 F.3d 674, 686 (2d Cir. 1995) (no abuse of discretion in refusing to grant leave to amend where plaintiff moved to amend "two and one-half years after the commencement of the action, and three months prior to trial"). Allowing plaintiff to add new parties at this juncture would prejudice those newly added parties by forcing them to defend an action regarding events that occurred nearly five years ago. Moreover, the addition of new parties would significantly delay the resolution of this action through additional discovery and motion practice. Given plaintiff's significant delay in moving to amend, his failure to show good cause for the delay, and the prejudice that the amendment would cause, plaintiff's motion to amend should be denied.

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that plaintiff's motion to amend should be denied. As a final matter, plaintiff states that he intends to withdraw his *Bivens* claim against New York Downtown Hospital so that he may file a separate civil action against New York Downtown Hospital and Dr. Wolfson for negligence and medical malpractice, and that he intends to retain his *Bivens* claim against defendant Wolfson in this action. Plaintiff is advised that only his *Bivens* claim against defendant Beaudouin and his state law negligence and medical malpractice claims against defendants New York Downtown Hospital and Wolfson survived defendants' motions for summary judgment. (Docket entry 102, Memorandum and Order dated December 6, 2010.) Plaintiff's *Bivens* claims against defendants New York Downtown Hospital and Wolfson have been dismissed from this action. (Id.) As plaintiff's state law claims for negligence and medical malpractice against New York Downtown Hospital and

Dr. Wolfson are currently before this Court, there is no need for plaintiff to file a new civil action asserting those claims.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections (and any responses to objections) shall be filed with the Clerk of Court. Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review. Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42 (2d Cir. 2002); Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/Signed by Judge Lois Bloom/
LOIS BLOOM
United States Magistrate Judge

Dated: August 24, 2011
      Brooklyn, New York